## Rice v. Cornelius et ux.

Harold R. Prowell and Ralph A. Sheetz, for plaintiff.
Nolan F. Zeigler, for defendants.

REESE, P. J., April 24, 1943.—Plaintiff herein, a subcontractor, has filed a mechanic's lien against defendants, as owners of the property, for materials furnished to the contractor in connection with the erection of a dwelling house. The third and fourth paragraphs of the claim aver as follows:

"3. The nature, kind and amount of the materials furnished were lumber, millwork, nails, rock lath, gyp-lay, ply wall, ply wood, sheathing, and stepping, more particularly specified, described and itemized in exhibit 'A', attached hereto and made a part hereof, and all of said materials were furnished and supplied by R. A. Rice as part of the construction and erection and upon the credit of the said building."

"4. The said materials were furnished and delivered on dates as shown on exhibit 'A' aforesaid, beginning October 6, 1941, and ending on January 9, 1942."

Section 11 of the Mechanics' Lien Law of June 4, 1901, P. L. 431, as amended by the Act of April 17, 1905, P. L. 172, 49 PS §53, provides that the claim shall set forth "the amount or sum claimed to be due, and the nature or kind of the work done, or the kind and amount of materials furnished, or both; and the time when the materials were furnished, or the work done, or both, as the case may be." Although paragraphs 3 and 4 refer to exhibit "A" as attached to the claim, no such exhibit was attached thereto. A rule was granted at the instance of defendants herein to strike off the lien because of its failure to comply with the provisions of the act cited above. The laws relating to mechanics' liens must be strictly followed and construed. A mechanic's lien is a pure creature of the statute, and compliance with the statutory requirements is necessary to its validity: Dyer v. Wallace, 264 Pa. 169. It has been frequently held that failure to set forth in a subcontractor's claim a detailed statement of the kind and

character of the labor or materials furnished, and the prices charged for each, is fatal, and the claim must be stricken off: Rush v. Able, 90 Pa. 153; McMahon v. McMahon, 27 Pitts. 29; Kauffman et al. v. Rodgers, 7 Lanc. 348; Wolfe v. Keeley, 9 Dist. R. 515; Fenner v. Real Estate Trust Co., 13 Dist. R. 47. It is clear to us that the claim in the instant case does not comply with the statute. A similar situation arose in Wint Company, Ltd., v. Kurecz et al., 29 Dist. R. 925, where averments of the claim were similar to those in the case at bar, and there, as here, for details referred to an attached statement which, in fact, was not attached. The lien was stricken off.

Claimant herein relies on the fact that a detailed statement, a duplicate of exhibit "A" referred to in the claim, was attached to the notice of intention to file the lien which was served on defendants herein. However, notice of a mechanic's lien does not make such a notice part of the record: Kihm-Bowen Machine Co. v. Midwest Steel & Supply Co. et al., 3 D. & C. 755.

"As the notice of intention to file a Mechanic's Claim cannot be considered as a part of the claim, it follows that an exhibit attached to such notice could not be considered as a part of the Mechanic's Claim": Wolfe v. Gibbs et al., 46 Dauph. 369, 372.

It is unfortunate that the claim cannot now be amended by adding thereto exhibit A, which was referred to in its averments, but it has been held that the failure to set forth the items and dates of labor and materials is substantive and cannot be cured by amendment after the lapse of the statutory period for filing a lien: Hachmeister-Lind Chemical Co. v. Corry Hotel Co. et al., 8 Erie 232; Wint Company, Ltd., v. Kurecz et al., supra; Hassler v. Haas, 34 Berks 103.

And now, April 24, 1943, the rule to strike off the mechanic's lien is made absolute, and the mechanic's lien is hereby stricken from the record.